[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO DISMISS 
The apportionment defendant has filed a motion to dismiss the apportionment complaint on the ground that the court lacks subject matter jurisdiction as the apportionment complaint is untimely.
General Statutes § 52-102b, allowing the addition of defendants for purposes of apportionment, provides that any such apportionment complaint must be filed within 120 days of the return date of the original action. A review of the file indicates that the original action had a return date of May 15, 1999. The apportionment action was filed on November 17, 1999, and is, therefore, untimely.
The apportionment plaintiff however, argues that the 120 day period is merely directory. The apportionment plaintiff maintains that he did not receive notice of the original action until after the expiration of the 120 days and that he filed the apportionment complaint in a timely manner within thirty days of doing so.[1]
This court has previously opined that the time limits set forth CT Page 3025 in 52-102b are mandatory. See Becker v. Cody, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 348815 (March 31, 1999, Nadeau, J.), and cases cited therein. Thus, while the court believes the defendant/apportionment plaintiff made a good faith effort in attempting to draft an apportionment complaint in a timely manner, that attempt, nonetheless, is untimely and outside of the scope of the apportionment statute. It is also significant to note that the failure of the defendant/apportionment plaintiff to get timely notice of the plaintiffs action against him was due, in part, to his failure to timely notify the department of motor vehicles of a change in his own address.
The apportionment defendant's motion to dismiss is, therefore, granted.
NADEAU, J.